UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EL KOMATI, LLC,

    Plaintiff,

v.                                      Case No.:   2:23-cv-333-SPC-NPM

VANTAGE RISK SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Vantage Risk Specialty Insurance Company's ("Vantage") Supplemental Notice of Removal. (Doc. 18). This Supplement was filed in accordance with the Court's Order to Supplement. (Doc. 17).

The Court ordered Vantage to Supplement its Notice of Removal because it failed to properly allege subject-matter jurisdiction. (Doc. 17). In its Order, the Court pointed Vantage to two problems with its Notice of Removal. First, that residency and citizenship are not the same, and that allegations of residency are insufficient to invoke this Court's diversity jurisdiction. (Doc. 17

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

at 2). Second, that Plaintiff El Komati, LLC ("El Komati") is a limited liability company, and therefore is a citizen of every state in which one of its members is domiciled. (Doc. 17 at 2). The Court specifically highlighted that "Vantage has not said whether Plaintiff has multiple members, much less stated the citizenship of each member." (Doc. 17 at 4).

In its Supplement, Vantage now asserts that El Komati is domiciled in Florida. (Doc. 18 at 5). But in trying to explain why, Vantage misses the mark. Vantage points to the Articles of Organization for El Komati—as well as several years of El Komati's Annual Reports—for the proposition that Robert Walker (allegedly of Naples, Florida) and Timothy Talbott (allegedly of Naples, Florida) have been the LLC "managers" from 2007 to present. Vantage sees that as sufficient for purposes of this Court's subject-matter jurisdiction. It is not.

As the Court previously explained, a limited liability company is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Each member of the LLC must be diverse from the opposing party for federal diversity jurisdiction to exist. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224-25 (11th Cir. 2013).

2

First, Vantage relies on a mailing address *for El Komati* to allege the domicile of LLC members Robert Walker and Timothy Talbott.[2] This flips the analysis on its head. Vantage would like the Court to believe that because El Komati has a business address in Florida, its members are therefore domiciled in Florida. But the reverse is true—an LLC is a citizen *where its members are domiciled.* So even assuming that Vantage currently only has one member—Timothy Talbott—Vantage has not adequately alleged Timothy Talbott's domicile.

Second, the Court will not assume without basis that Timothy Talbott is the only member of El Komati. Timothy Talbott may be the only member of El Komati, but Vantage has not said so. And Vantage has provided El Komati's Articles of Organization, which allow for multiple members.[3] An LLC is a citizen of every state in which one of its members is domiciled—not just where its *managing* member is domiciled. Vantage's Supplement leaves the Court wondering whether there are other members of El Komati and, if so, the domicile of those members.

---

[2] The 2008 and 2009 Annual Reports make clear that the address provided by Vantage for Robert Walker is actually El Komati's "Current Principal Place of Business" for those years. (Doc. 18-19 at 5-6). Similarly, the Annual Reports from 2010 through 2023 show that the address provided by Vantage for Timothy Walker is actually El Komati's "Current Principal Place of Business" for those years. (Doc. 18-19 at 7-20).

[3] "The members of this Company may admit new members to the Company as more fully described in and subject to the terms, conditions and requirements set forth in the Company's Operating Agreement and Regulations." (Doc. 18-19 at 2).

If this Court allows a case to proceed when it does not have jurisdiction, the result is "a colossal waste of time and effort" for everyone involved—including Vantage. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017). Jurisdiction is a matter of facts, not a matter of faith. *See id.* at 1228 ("Everyone involved in this case trusted that diversity jurisdiction existed, but no one verified it. The law firms involved trusted their clients. The clients trusted their lawyers. The law firms trusted each other, and the district court trusted them. But there was no verification").

Accordingly, it is now **ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit Court in and for Collier County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit Court in and for Collier County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 31, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record